FLOORE v. J. T. BURGHER & CO.†
(Court of Civil Appeals of Texas. Dallas.
Dec. 23, 1911. Rehearing Denied Jan.
13, 1912.)

1. BROKERS (§ 88*)—ACTIONS FOR COMPENSATION—COMMISSIONS.

In an action for a broker's commission for procuring a tenant for defendant's premises, an instruction that plaintiff should recover if defendant agreed to pay the plaintiff a commission for securing a tenant, and plaintiff secured such tenant, and introduced him to defendant "for the purpose and with the intent of leasing" the premises in question "for a period of 10 years," and that afterward the defendant did rent such premises to that person, or if no contract was made between plaintiff and defendant, if plaintiff, with the consent of defendant, procured a tenant for the premises, and defendant accepted such services, was misleading, as the intent of the broker in introducing the prospective tenant was not a sufficient basis for the recovery, in the absence of a contract to pay a commission and a showing that the party introduced was able and willing to make a lease for 10 years.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 121–127; Dec. Dig. § 88.*]

---

2. BROKERS (§ 40*)—ACTIONS FOR COMPENSATION—PRODUCTION OF TENANT.

That a party presented by plaintiff, a broker, entered into a lease with defendant, will not support a recovery of commissions, unless plaintiff was employed to procure a tenant.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 38; Dec. Dig. § 40.*]

3. BROKERS (§ 54*)—ACTIONS FOR COMPENSATION—PRODUCTION OF TENANT.

To entitle a broker to a commission for presenting a party to make a lease as per contract with the owner of property, the party must be ready and willing to enter into such a lease.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 75–81; Dec. Dig. § 54.*]

Rainey, C. J., dissenting.

Appeal from District Court, Johnson County; O. L. Lockett, Judge.

Action by J. T. Burgher & Co. against John W. Floore. From a judgment for plaintiffs, defendant appeals. Reversed.

Walker & Baker and Mitchell Davis, for appellant. J. B. Haynes, R. C. Fuller, and S. C. Padelford, for appellees.

RAINEY, C. J. Appellees sued appellant to recover for services as brokers in procuring a party to lease for 10 years the lower floor of a building in Ft. Worth, Tex., belonging to appellant. This is the second appeal of this case; it having been reversed and remanded on the former appeal for want of proper parties plaintiff. 128 S. W. 1152. The last trial was on an amended petition, by which the proper parties were made plaintiffs; but it is insisted that the allegations were not sufficient for that purpose. The amended petition was not as full and explicit on that point as it should have been, but there was no exception thereto presented in the lower court, in the absence of which the allegations as to parties are sufficient.

[1] A majority of this court, however, are of the opinion that the case should be reversed for error in the following charge, which reads: "If you believe from the evidence that the plaintiffs, J. T. Burgher & Co., made and entered into a contract with the defendant, John W. Floore, to find him a renter for the lower floor of his three-story brick building, situated on Houston street in the city of Ft. Worth, Tex., and you believe from the evidence that the defendant, John ·W. Floore, agreed and consented to pay the plaintiffs a reasonable and usual commission for said services, and that afterwards the plaintiffs, or J. S. Caruthers for them, secured William Reeves and introduced him to the defendant, John W. Floore, for the purpose and with the intent of leasing the lower floor of defendant's said building for a period of 10 years at $175 per month, and that afterwards John W. Floore did rent said lower floor to said William

Reeves, or if you find that no contract was made between Caruthers and Floore, but you believe from the evidence that J. T. Burgher & Co., with the consent of the defendant, Floore, procured the said William Reeves as a tenant for the ground floor of said building, and defendant accepted said services, then in either event you will find for the plaintiffs such sum of money as you may believe from the evidence is a reasonable and fair compensation to the plaintiffs for such services." They are of the opinion that the language there, "for the purpose and with the intent of leasing the building to him for the period of ten years," is misleading for the reason that the intent of appellees in introducing Reeves was not a sufficient basis for a recovery against appellant, in the absence of a contract between them that appellant would pay a commission and a showing that the party introduced was able and willing to make a lease for 10 years.

[2] That appellant had entered into a contract with Reeves for a three-years lease was not sufficient upon which to base a recovery, as the appellees were not entitled to recover unless there was an understanding between appellees and Floore that appellees were to procure a tenant for 10 years.

[3] There is no question but that the law is settled that when a broker presents a party to make a lease as per contract, with the owner of property, the party must be ready and willing to enter into such a contract.

The writer hereof is of the opinion that, while the charge is not as definite and explicit as it should be, yet the case should not be reversed for the reason stated. The idea in the trial court's mind, I take it, was that the broker was acting in good faith in presenting Reeves, believing Floore desired to enter into a lease contract, and that such presentation was made with no other object in view. I think, if this was error, it was harmless, in view of the full charge of the court. The recovery was predicated on appellant's having contracted for the services of appellees in procuring a tenant for the period of 10 years. Appellees produced testimony, if believed by the jury, to establish their cause of action. Appellant's testimony was diametrically opposite. The court charged the jury to find for plaintiffs if they believed said contract was made and such party was presented by plaintiffs. On the other hand, the court charged the jury to find for the defendant as follows: "If you believe from the evidence that plaintiffs, through J. S. Caruthers, induced and procured William Reeves to see John W. Floore, and that said Caruthers did introduce Reeves to Floore, but you further believe that John W. Floore did not agree and consent to pay any commission to the plaintiffs or to Caruthers for them for the finding of

said lease, and did not accept the services of J. T. Burgher & Co. to secure said Reeves as a tenant, then you will find for the defendant, although you may believe from the evidence that the defendant afterwards did lease said property to William Reeves." From this charge it will be seen that defendant would not be liable unless the contract was entered into as alleged and testified to by Caruthers, one of the plaintiffs, or appellant accepted their services.

It is evident to my mind that the jury, under this charge, believed that the contract for commissions as stated by Caruthers or the services of plaintiffs had been accepted by defendant, and did not take into consideration the fact that a lease had been made for three years with an option of 10 years longer, as the jury had been instructed not to consider the three-years contract.

So it appears, I think, that the language considered error by the majority of this court could not have proved prejudicial.

In accordance with the opinion of the majority, the judgment is reversed, and the cause remanded.